# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Hon. Carol A. Doyle |
| Antonio D. Campos, | Case No. 22-00429<br>Chapter 13 |
| Debtor. | Hearing Date: March 1, 2022<br>Hearing Time: 10:30 a.m. |

## OBJECTION TO CONFIRMATION OF PLAN

The City of Chicago (the "*City*") objects to confirmation of the Debtor's proposed chapter 13 plan [Dkt. No. 2] (the "*Plan*"). The Plan as proposed does not comply with the requirements of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "*Code*"), and thus cannot be confirmed.

## OBJECTION

### Failure to Vest Property of the Estate with the Debtor

Paragraph 7.1 of the Plan form concerns disposition of estate property and has three check boxes which provide for vesting of estate property in the debtor upon plan confirmation, upon entry of discharge, or under other circumstances. The Debtor has checked the second box, indicating that under the Plan property will vest in the Debtor upon entry of discharge, and will remain in the estate until that time.

Section 1325(a)(1) provides that as a condition of confirmation a chapter 13 plan must comply "with the provisions of this chapter[.]" On its face, the Plan appears not to comply with 11 U.S.C. § 1327(b), as interpreted by the Seventh Circuit.

1

Section 1327(b) provides,

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

In *Matter of Cherry*, 963 F.3d 717 (7th Cir. 2020), the Seventh Circuit "held . . . that the statutory presumption—'confirmation of a plan vests all of the property of the estate in the debtor'—means that there must be a good case-specific reason for doing otherwise." *Id*. at 719. The Court further explained that a debtor is only entitled to confirmation of a plan that satisfies not just 11 U.S.C. § 1325(a), but also complies with the other provisions of chapter 13 and Title 11. *Id*. "Section 1327(b) is one of those provisions" and "[i]t need not be mentioned separately in § 1325." *Id*. The Court's analysis concluded with a definitive statement: "A bankruptcy court may confirm a plan that holds property in the estate only after finding good case-specific reasons for that action." *Id* at 720.

Nothing on the face of Debtor's Plan provides any justification for retention of all property in the estate post-confirmation. Debtor has neither specified nor implied any reasons as to why any property should vest with bankruptcy estate upon confirmation. Unless the Debtor can establish case specific reasons to vest the property in the estate, the Plan cannot be confirmed.

## **CONCLUSION**

For the foregoing reasons, the Plan fails to comply with Section 1325(a). Accordingly, the Plan cannot be confirmed.

Dated: February 22, 2022                         Respectfully Submitted,

Celia Meza                                       **THE CITY OF CHICAGO**
Corporation Counsel
Jaime Dowell (ARDC #6281312)                     Celia Meza
Assistant Corporation Counsel                    Corporation Counsel
City of Chicago Department of Law
121 N. LaSalle St., Ste. 400                     /s/ Jaime Dowell
Chicago, IL 60602                                Assistant Corporation Counsel
Tel: 312-742-0056
Email: jaime.dowell@cityofchicago.org

## CERTIFICATE OF SERVICE

      I, Jaime Dowell, an attorney, hereby certify that on February 22, 2022, I caused a copy of the attached City of Chicago's Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service as provided on the attached Service List.

/s/ Jaime Dowell

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Joseph P Doyle | joe@fightbills.com |
| Thomas H. Hooper | Thomas.h.hooper@55chapter13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |